# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-187 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| RICHARD EBY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 12, 2020, an indictment was filed charging defendant Richard Eby ("Eby") with the following: Count One—conspiracy to engage in sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e); Count Two—sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and 2; Count Three—conspiracy to receive visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); and Count Four—conspiracy to access with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. No. 1.) This case is a companion to *United States v. Pece, et al*, N.D. Ohio Case No. 1:20-cr-186, and the six individuals charged therein are alleged to have conspired with Eby to commit the aforementioned crimes. (*See, e.g., id*., ¶¶ 9, 11, 13, 15.)

Now before the Court is Eby's motion for a bill of particulars. (Doc. No. 23 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 24 (Opposition).) For the reasons that follow, the motion is DENIED.

I.   GOVERNING LAW AND DISCUSSION

Without elaboration or any authority in support, Eby requests that the government furnish him with information "setting forth [Eby's] alleged specific conduct that is the basis for the charges he faces." (Doc. No. 23 at 1.) He seeks particularity as to the following: (1) the names and addresses of each and every person who was present at the scene of any alleged crime charged in the indictment; (2) the precise manner in which the crime charged in the indictment is alleged to have been committed by Eby; and (3) the conduct allegedly used by Eby which is the basis for the indictment.[1] (*Id.*)

The government opposes the motion in its entirety, arguing that Eby is not entitled to any of the information he seeks. It notes that it has already provided Eby with "voluminous discovery", providing "almost all of the information asked for by [Eby] and is sufficient to apprise [him] of the charges against him, prevent surprise at trial, and avoid double jeopardy." (Doc. No. 24 at 3.) In the companion case, the government further represented that each defendant has received messages exchanged between the defendants and victims, as well as statements made by the defendants. (N.D. Ohio Case No. 1:20-cr-186, Doc. No. 71 at 3.) Because it has provided Eby with full discovery under Rule 16 of the Federal Rules of Criminal Procedure, the government insists that a bill of particulars is unnecessary.

Rule 7(f) provides for the filing of a bill of particulars "'to minimize surprise and assist [the] defendant in obtaining information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004)

---

[1] A comparable motion, seeking several of the same categories of information, was filed in the companion case by defendant Steven Foster. (N.D. Ohio Case No. 1:20-cr-186, Doc. No. 55.) Contemporaneous with the ruling on the motion in this case, the Court issued a ruling resolving Foster's motion, as well.

(quoting *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993)). "Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick,* 291 F. App'x 706, 724 (6th Cir. 2008) (citing FEDERAL PRACTICE & PROCEDURE § 129); s*ee United States v. Matos–Peralta,* 691 F. Supp. 780, 791 (S.D.N.Y. 1988) ("The ultimate test must be whether the information sought is necessary, not whether it is helpful.").

"A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial[,]" *Crayton,* 357 F.3d at 568 (quoting *Salisbury,* 983 F.2d at 1375), nor may a defendant use a bill of particulars to discover the government's legal theory of the case. *United States v. Gabriel,* 715 F.2d 1447, 1449 (10th Cir. 1983); *United States v. Marks,* 364 F. Supp. 1022, 1030 (E.D. Ky. 1973), *aff'd,* 520 F.2d 913 (6th Cir. 1975), *rev'd on other grounds,* 430 U.S. 188, 97 S. Ct. 990, 51 L. Ed. 2d 260 (1977). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars, *see Salisbury*, 983 F.2d at 1375, and "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino,* 935 F.2d 739, 750 (6th Cir. 1991), *suspended on other grounds by statute*, *United States v. Caselorente,* 220 F.3d 727 (6th Cir. 2000). Further, the decision to require a bill of particulars is left to the discretion of the trial court. *See Musick,* 291 F. App'x at 724; *United States v. Perkins,* 994 F.2d 1184, 1190 (6th Cir. 1993).

In this case, the indictment charges a conspiracy involving crimes occurring during a limited time frame—October 22, 2015 to March 12, 2016. (*See, e.g*., Doc. No. 1 ¶ 9.) It identifies Eby and the defendants from the companion case as participants in the conspiracy, as well as the

3

purpose of the conspiracy. Further, it provides the means by which Eby and his co-conspirators furthered the charged conspiracy. Specifically, the indictment provides, in part:

> Eby [and defendants from N.D. Ohio Case No. 1:20-cr-186] and others known and unknown to the Grand Jury, conspired together through chat discussions over the Internet to lure minor victims to one ore more chatroom-based websites. Once the minor victims visited these chatroom-based websites, Defendants and others . . . enticed and attempted to entice the minor victims to engage in sexual acts and to lasciviously display their genitalia and pubic area via web camera, which they recorded.

(*Id*. ¶ 6, capitalization omitted.) While it does not identify the names of the victims—all of whom are minors—the indictment provides other identifying information.

The Court turns to the specific categories of information requested by Eby. The first category—the names and contact information of each person at the scene—essentially seeks a list of all potential government witnesses. It is well settled that a bill a particulars may not be used to obtain the identities of the government's witnesses. *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976) (collecting cases). Additionally, to the extent that this category seeks the identities of unindicted co-conspirators, the Sixth Circuit has held that a bill is not the appropriate vehicle for disclosure of such information. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *see Crayton*, 357 F.3d at 568 (government not required to reveal names of unindicted co-conspirators); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government") (colleting cases). Finally, given the fact that Eby has been provided with the text and emails exchanged between defendants and the victims, Eby has failed to identify why he requires the names of the minor victims at this

time to prepare his defense. Of course, should any of the minor victims testify at trial, Eby will be provided copies of any prior statements pursuant to the Jencks Act.

The second category—seeking the precise manner each charged crime is alleged to have been committed, and the third category—all of the conduct alleged to have been committed by Eby—are essentially requests for a detailed disclosure of all evidence held by the government before trial. These requests also represent an improper use of a bill. *See Salisbury*, 983 F.2d at 1375; *see United States v. Barret*, 824 F. Supp. 2d 419, 439–40 (E.D.N.Y. 2011) (denying motion for bill of particulars seeking, *inter ali*, "[t]he precise conduct of [defendant] alleged to establish the element of agreement, combination and conspiracy"; "the court finds that what defendant seek[s] is in the nature of the 'wheres, whens, and with whoms' that [c]ourts have held to be beyond the scope of a bill of particulars"). Additionally, a defendant is not entitled to discover all the overt acts that might be proven at trial. *Salisbury*, 983 F.2d at 1375; *see also United States v. Mills*, No. 16-cr-20460, 2019 WL 1915762, at *5 (E.D. Mich. April 30, 2019) ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.") (quotation marks and citations omitted). These categories are beyond the reach of a bill of particulars.

## II.  CONCLUSION

It is clear from the motion that Eby has attempted to utilize a bill of particulars as a discovery tool to obtain information that he is not otherwise entitled to under the rules governing criminal discovery. Additionally, the Court finds that the information contained in the indictment, in combination with the discovery that has been provided by the government, will

permit Eby to avoid surprise at trial and adequately prepare his defense. Accordingly, and for the foregoing reasons, Eby's motion for a bill of particulars is DENIED.

**IT IS SO ORDERED**.

Dated: August 12, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**